Majsly, J.
 

 Prior to the act of 1823, no remainder could be limited by deed, at common law, upon a life-estate in a slave. A conveyance for life, was a conveyance of the whole-.
 

 The deed before us, for construction, was executed before-the passage of that act, and consequently, was not affected by it. The rights vested by the operation of the deed-,, could not be divested by the passage of the act.
 

 It is a familiar principle of conveyancing, ■ that a deed of bargain and sale to- one, for life, in trust for his- own use, is simply an estate for life. The deed in question-is no more. The- bargainor conveys to his daughter, “Mary Harrell, in trust,, during her natural life, the following slaves : Peter and Eosetta, with their increase, for her own use and behoof.” This is a conveyance- to her of asimplo life-estate in the slaves-, and as it was prior to- the act of 1S23, it was, as we have already shown, a conveyance of the whole.
 

 Thus the husband, Joshua Harrell, senior, became vested
 
 J/urc mariti
 
 with an unrestricted estate in the slaves, and they and their increase-are-rightfully ini the hands of 1ms personal-representatives, subject to be disposed of according to- law and the will of their testator.
 

 It is not supposed that it was- impracticable, prior to dis-enabling statute referred to, by deed, to limit a remainder-after a life-estate i-» chattels, provided it were done by pro-pe-r word's, for-separating and keeping' apart the legal and equitable estates. That is not done in o-nr ease. The trustee and the
 
 cestui qui trust
 
 being identical, there is no estate of any sort outside of the latter, and the results follow as declared; above.
 

 Per CURía'm, Bill dismissed! with costs.